McARTHUR v. NEWHALL

Mistake—Equity—Injunction Against Action at Law.
In a suit to enjoin an action at law for breach of warranty of title, and to correct a deed by striking out a parcel of land included therein, upon a record showing that the deed was given by complainant to convey to defendants in compromise of certain litigation land which belonged to an estate of which he was agent, and in which defendants were interested, that he represented in a separate writing as a part of the settlement that he owned the lands described in the deed and had not incumbered them, although he had in fact conveyed the particular description to third parties, complainant's contention that the description was included by mistake was not sufficiently sustained.

Appeal from Cheboygan; Shepherd, J. Submitted February 7, 1911. (Docket No. 134.) Decided March 31, 1911.

Bill by John B. McArthur against Alice J. Newhall, Fanny F. Griffith, Clara B. Skaats, and Joseph L. Roberts, to reform a deed and enjoin an action at law. From a decree for defendants complainant appeals. Affirmed.

*C. S. Reilley,* for complainant.

*William N. Cross* and *B. T. Halstead,* for defendants.

The bill in this cause was filed to enjoin an action at law, brought for damages for breach of warranty contained in a deed for certain lands, and to correct said deed by striking out of it a description of lands which, with numerous other descriptions, is contained in said deed. The cause was heard upon pleadings and proofs taken in open court. It appeared that the complainant, who had been agent of the Roberts estate, was defendant in cer-

tain suits brought by the defendants in this suit; that in one of the causes which had been begun a trial was entered upon and had proceeded for some days, when a settlement of the matters in dispute was agreed upon. The proposition of settlement, which was in writing, involved the conveyance by complainant to the several heirs of Joseph L. Roberts, deceased, jointly, of certain lands which he had acquired from said estate, one of the pieces being the northeast quarter of the northeast quarter of section 25, town 38 north, of range 4 west, the payment to the said heirs of a sum of money, and the giving to them of a mortgage for $7,000 upon property of complainant which had been attached. Pursuant to the arrangement, complainant executed the deed, which was dated April 10, 1907, gave the $7,000 mortgage, and paid $2,000 in cash. Mutual releases, etc., were made. One of the papers executed in the settlement reads as follows:

" For and in consideration of the settlement of all matters in difference between myself and the heirs of Joseph L. Roberts, deceased, and for the purpose of procuring said settlement, I do hereby represent to them, said heirs, that I am the owner in fee simple of the lands described in a mortgage bearing even date herewith, and given to them in part settlement, and that I have not incumbered or suffered any liens to be acquired through any act or default of mine upon the lands described in special covenant, warranty deed bearing even date herewith, and also given as a part settlement by me to said heirs, and hereby admit that said deed and mortgage are taken and accepted by said heirs in reliance upon said representations by me. Dated at Cheboygan, Michigan, April 10, 1907.

" JOHN B. MCARTHUR."

The covenant in the deed, the breach of which is relied upon in the action at law, reads as follows:

"Said parties of the first part, for their heirs, executors or administrators, do covenant, bargain and agree to and with the said parties of the second part, their heirs or assigns, that the said John B. McArthur and Alexander S. McDonald have not heretofore done, committed or willingly suffered to be done or committed any act or

thing whatsoever whereby the premises mentioned or any part thereof is incumbered in title estate or otherwise whatsoever."

In fact, complainant had sold the land. It was charged in the bill, and some testimony was received to prove, that there was an oral understanding between the parties that the particular description of land was one which complainant had perhaps conveyed away, and that, if this turned out to be the fact, the deed was to be treated for all purposes as though it did not include said description of land.

OSTRANDER, C. J. (*after stating the facts*). It was contemplated by the parties that in the settlement defendants should recover all lands belonging to complainant which formerly belonged to the Roberts estate, and money or security for the value of lands disposed of by complainant. Complainant was not required to warrant the title to the lands, but to return them without having himself impaired such title and estate as he took. We are not satisfied that an oral arrangement to treat the particular description of land as not included in the deed in case it turned out that complainant had conveyed it away is made out. There is testimony tending to prove that upon inspection of the deed complainant called attention to the description of land which has been referred to as land which he believed he had conveyed away; that an investigation was made by both parties which discovered no conveyance of the land of record; that it was then proposed, and agreed, to let the description remain in the deed, and if the land had been conveyed by McArthur the particular description should not be considered. That defendants had knowledge of complainant's doubts respecting this land, and that such an arrangement was made, is disputed, both by the testimony of witnesses and by the very nature and purpose of the settlement. The attorney who represented the estate, or the heirs, testified that, as to descriptions of land in the mortgage, he stated that, if

it turned out that any of them did not belong to McArthur, they would not be taken into consideration. Such an arrangement may be understood, and such a statement, if it was made, would account for a confused recollection, on the part of some witnesses, of just what occurred. No oral agreement tending to vary the written agreement having been proved, and no testimony tending to prove it having been excluded, we are not required to consider whether such testimony ought to have been received. The theory that the description was included in the deed by a mutual mistake of fact is wholly unsupported, in view of the written representation made by complainant.

The decree is affirmed, with costs to appellees.

BIRD, BROOKE, BLAIR, and STONE, JJ., concurred.